**Bell, Secy. of Banking, etc., v. Williams. No. 2**

*Bernard J. Kelly*, for plaintiff.

*Moore, Gossling & Panfil*, for defendant.

FLOOD, J., June 25, 1941.—This case was previously considered by this court on defendant's demurrer which was overruled in our opinion filed April 16, 1941: 41 D. & C. 253.

Plaintiff, as creditor beneficiary, sued defendant upon balance due on his promise to pay a certain note executed by one H. S. Morgan. Credit is given in the statement of claim for a payment of $2,000 made by Morgan upon the note. The statement avers that, in consideration of this $2,000 payment by Morgan, plaintiff released and discharged Morgan from his liability as maker of the note. The affidavit of defense admits all the facts in the statement of claim except the averment as to the consideration for the $2,000 payment of Morgan. It denies this averment and says on the contrary that the payment of $2,000 was made "in full settlement and satisfaction of the balance of $5,375.46 claimed by plaintiff to be then due on said note of $8,-000." Defendant then sets up as new matter the fact that the $2,000 was paid in settlement of a suit against Morgan upon the note and against his wife who was a surety for him, and that in accordance with this agreement of settlement the sum of $2,000 was paid by them and accepted by plaintiff's predecessor as Secretary of Banking and receiver of the Franklin Trust Company "in full settlement and satisfaction of said claim for $5,375.46 and the discharge of said note for $8,000." It is to be noted that the affidavit of defense in speaking of the claim for $5,375.46 refers to the claim made by

the secretary or his predecessors in the suit against Morgan and his wife.

In our opinion upon the demurrer we set forth the reasons for our conclusion that defendant's promise was an independent promise and was not discharged by the discharge of Morgan on the note. We rejected at that time defendant's contention that he was a party secondarily liable upon the note and so discharged by the discharge of the note. Defendant reiterates that position in his affidavit of defense. We have not changed our opinion that it is no defense.

Defendant now raises the additional point that he is surety for Morgan and that the discharge of Morgan discharges him. Far from being a surety for Morgan, he has assumed Morgan's debt and he is the principal debtor with Morgan in the position of surety. Compare A. L. I. Restatement of Contracts, sec. 146, com. *a*. See also A. L. I. Restatement of Security, sec. 82, com. *l*, illustration 4, and sec. 83 (*c*). The debt is not discharged. Plaintiff's claim is of course diminished by the amount of Morgan's payment, which plaintiff admits. But as to this amount which Morgan has paid, Morgan has a right to sue defendant for reimbursement: A. L. I. Restament of Security, sec. 106. Therefore, the release by plaintiff of Morgan, who is merely the surety, has no effect upon plaintiff's right against Williams, the principal.

The affidavit of defense which states (1) that the claim against Morgan has been settled in full, and (2) that the note has been discharged, affords no defense to Williams. The affidavit of defense does not say that the payment of $2,000 was accepted by plaintiff in satisfaction of his claim against defendant, as well as against Morgan. Without such an averment it sets up no legal defense.

Judgment is therefore entered for plaintiff for want of a sufficient affidavit of defense in the sum of $3,-375.46, with interest on the sum of $5,375.46 from

July 6, 1936, to April 27, 1939, and interest on the sum of $3,375.46 from April 27, 1939.